## Bruce *v.* Pittsburg et al.

*Municipal corporations—Equity—Jurisdiction of Supreme Court.*

The Supreme Court will assume jurisdiction over a bill in equity filed by a citizen of a municipal corporation to restrain the municipality from issuing bonds authorized by ordinance and a special election, where it is alleged in the bill that the issue of the bonds will involve an increase of municipal indebtedness beyond the limits provided by law.

Argued May 4, 1894.   Motion to take original jurisdiction of bill in equity against municipal corporation, No. 73, July

Term, 1894.   Before STERRETT, C. J., GREEN, WILLIAMS, MC-
COLLUM, MILCHELL, DEAN and FELL, JJ.

Motion to take original jurisdiction of bill in equity.

The bill averred that complainants are citizens of the city of
Pittsburg, and owners of real estate and taxpayers therein.

That respondent, the city of Pittsburg, is a municipal corpo-
ration of the commonwealth of Pennsylvania; that respondent
Bernard McKenna, is mayor of said city, and that respondent
H. I. Gourley, is controller of said city.

That the councils of said city have, on April 9, 1894, enacted
an ordinance which, without the approval or disapproval of the
mayor of said city, has become a law, a copy of which is at-
tached hereto, and is to be taken as a part hereof; by which
ordinance, the finance committee of said councils, in conjunc-
tion with the controller of said city, are authorized to issue
registered or coupon bonds in the name of said city, to be
known as " bridge bonds," to the amount of $1,500,000, claim-
ing the same to be issued in accordance with an act of assem-
bly, entitled " An act to regulate the manner of increasing the
indebtedness of municipalities, to provide for the redemption
of the same, and to impose penalties for the illegal increase
thereof," approved April 20, 1874, and the supplements thereto,
as the same is now fully set forth in said ordinance.

That no tax has been levied as required by said act of
April 20, 1874, to provide for the payment of the interest and
principal of said proposed loan.

That at the time of the adoption of the constitution of Penn-
sylvania the only valuation of the taxable property of the city
of Pittsburg was the county valuation, and the valuation at
that time was $19,571,955, and the bonded indebtedness of said
city at that time was $7,527,301.15, being over thirty-eight per
centum of the valuation of the taxable property of said city,
and therefore largely in excess of the seven per centum limit
fixed by article 9, section 8 of the constitution of Pennsylvania.

That there has been no law enacted since the adoption of the
present constitution enabling the city of Pittsburg to increase
its indebtedness, and that therefore said ordinance and action
of counsel of said city, and the previous election referred to in
said ordinance, are illegal and void.

The bill prayed: (1) That an injunction now preliminary, afterwards to be made final, be issued, enjoining said city of Pittsburg, the councils and mayor thereof, from levying a tax to provide for the payment of the interest and principal of said loan of $1,500,000, as proposed in the said ordinance, and from executing and issuing said bonds as proposed by said ordinance. (2) That said ordinance, and the election recited therein to have been held, be declared unconstitutional and void. (3) Further relief.

*George W. Guthrie* and *J. M. Shields,* for complainants, cited: Wheeler v. Phila., 77 Pa. 338; Acts of April 20, 1874, P. L. 65; April 6, 1850, P. L. 408; June 14, 1887, P. L. 395; Hutchinson's Ap., 4 Penny. 84; Nav. Co. v. Moore, 2 Whart. 491.

PER CURIAM, May 11, 1894: Upon due consideration the motion to take original jurisdiction of this case is granted.